Johnson, G. J. The defendant moved the court below to qqash the indictment, which motion was sustained, and a final judgment rendered against the State. It is admitted by the defendant’s counsel that there is no defect upon the face of the indictment; but it is contended that it might have been quashed for matter dehors the record, and that this court is bound to presume the fact as such •presumption is necessary to support the judgment. We are free to admit that matter dehors may have existed which would, if properly presented to the court below, have operated to quash the indictment. “ If there shall be at any time pending against the same defendant two indictments for the same offence or two indictments for the same matter, although charged as different offences, the indictment first found shall be deemed to be superseded by such second indictment and shall be quashed.” This statute simply declares the effect of the pendency of another prosecution, but this would not authorize the court to take judicial notice of the fact. A party wishing to avail himself of the pendency of another indictment, or any other matter dehors the record would most unquestionably be required to bring such matter before the court by an appropriate plea. It certainly did not devolve upon the State to show any fact which was calculated to defeat the prosecution, and if the defendant did not choose to bring it upon the record, it raises a strong presumption that no such matter existed. We have examined the whole record critically, and have been unable to discover (any ground upon which the motion could have been sustained. Judgment reversed.