Johnson, C. J. The demurrer to the first amended plea of the defendant below, was correctly sustained. The plea alleged a former recovery upon the same cause of action and in a suit between the same parties. The document described in the plea, and relied upon as a former recovery, is not authorized by law, and is consequently void to all intents and purposes. The supposed judgment does not disclose such facts as to affect the defendants below with notice of the pendency of the motion upon which it was based, and, as a necessary consequence, they are not legally boun¿ by it. This case is completely within the rule laid down by this court in the case of McKnight vs. Smith, & Ark. Rep. 410. The judgment set up as a former recovery, wholly fails to state either the condition of the bond, or facts which amounted to a forfeiture of it. Had these facts, which, by the statute are necessary to affect the party with notice, been stated with sufficient certainty so as to warrant the court in en-taining jurisdiction of the parties, we would then presume in favor of the regularity of the judgment as being based upon sufficient facts to support it, unless the contrary affirmatively appeared. The doctrine laid down in the case of McKnight vs. Smith, was not altogether satisfactory to the profession at the time the decision was made, and from this circumstance we have been induced to review the grounds upon which it is based; and the result of our investigation is, that the more we examine it and reflect upon it, the more thoroughly we are convinced of its entire soundness and correctness. The proceeding by motion is clearly in derogation of the common law, and consequently must receive a strict construction. It is urged that, inasmuch as the sheriff was protected in the execution of the judgment, therefore the plaintiffs below should have proceeded under the first judgment to collect the money, and should not have harrassed the defendants with another suit. It is conceded that the sheriff would not have subjected himself to an action oí trespass by enforcing the execution, as it appears from the record that the court had jurisdiction of the subject matter; yet this by no means proves that the plaintiff would be entitled to similar protection. The court decided correctly in excluding the record, as, after the demurrer had been sustained to the first plea, there was nothing left to which that evidence could properly apply. The sheriff was properly permitted to testify as to any moneys that he had received and paid over to the defendants in error. It was not material whether the sheriff acted under a process based upon a void judgment or not, in case the money was actually paid over to the party entitled to receive it. Under the plea of payment, it was perfectly legitimate to show that the money claimed had been paid, and it was wholly immaterial through what channel the payment was made. The last objection urged to the judgment and proceedings of the court below is, that the jury were not expressly sworn to inquire into the truth of the breaches and assess the damages sustained. The 5th, 6th and 7th sections of chapter 120, Digest, provide that “ when an action shall be prosecuted in any court of law upon any bond for the breach of any condition, other than for payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant or written agreement, the plaintiff in his declaration shall assign the specific breaches for which the action is brought”: that “upon the trial of such action, if the jury find that any assignment of such breaches is true, they shall assess the damages occasioned by the breach in addition to their finding”; and that “if, in such action, the plaintiff shall obtain judgment upon demurrer, by confession, or default, the court shall make an order therein that the truth of the breaches assigned be inquired into, and the damages sustained thereby assessed at the same or next term, and the court shall proceed thereon in the same manner as in other cases of inquiry of damages.” This statute clearly contemplates two distinct classes of cases : the one where the breaches have been denied by plea and issue taken thereupon, and the other where the breaches are wholly undefended, as in cases where the defendant stands upon his demurrer, or confesses, or makes default. In the formér case, in the event that the jury shall find any assignment of the breaches to be true, they are also required to assess the damages in addition to their finding: whereas, in the latter, the court is required to make an order, not only that the truth of the breaches be inquired into, but also that the damages sustained thereby be assessed. The record in this case shows that the jury were sworn well and truly to try the issues joined and a true verdict to render according to the evidence. The verdict is in the following language, to wit: “ We, the jury, find the breach assigned in the within declaration to be true, and find for the said plaintiffs on the issues joined, and assess their damages at one hundred and forty-three dollars and eighty cents.” The finding is in strict compliance with the law, but the question is whether it is responsive to the swearing. The jury, it is true, were not sworn, in so many words, to try the truth of the breaches, 'yet the oath which they took was substantially to that effect. They were expressly sworn to try the issues joined, and it was utterly impracticable to pass upon the issues presented by the pleading, without; at the same time, testing the truth or falsity of the breaches assigned in the declaration. The swearing, therefore, so far as the breaches were concerned, was fully sufficient, but it was radically defective in not embracing the assessment of damages. This construction is perfectly in unison with the cases of Phillips & Martin vs. The Governor, &c., 2 Ark. Rep. 387, and Adams et al. vs. The State, use of Wallace, 1 Eng. Rep. 503. In both these cases there was an en-fire/ailure to swear the jury to try the truth of the breaches, or any thing of like effect, but simply, well, and truly to try or inquire into and assess the damages. In the case of Outlaw et al. vs. Yell, Gov., &c., use of Conant & Co., 3 Eng. Rep. 353, this court said “ the three pleas upon which issues were formed were, in effect, but pleas of nul tiel record. The court was correct in finding the issues for the plaintiffs, but erred in assessing damages and in giving judgment. As demurrers had been sustained to all the other pleas, and plaintiff’s cause of action left wholly undefended, the court, in finding the issues for the plaintiff, ought to have rendered an interlocutory judgment against defendants, and ordered a jury to be impanneled to inquire into the truth of the breaches and assess the damages.” Where the action is wholly undefended, there being no issues made up involving the truth of the breaches, it would clearly be insufficient to require the jury to pass upon the issues joined, and nothing short of an oath to try the truth of the breaches, in terms, would satisfy the law. The conclusion to which we have arrived then, is, that in cases where a defence has been interposed and issue taken upon it, it is all sufficient to swear the jury, either to try the issue, or to try the truth of the breach, and assess the damages; but that, where the judgment shall have been obtained upon demurrer, by confession or default, it is indispensable to require them to inquire into the truth of the breaches, and also to assess the damages. We are, therefore, of opinion that the swearing them in this case is defective in not requiring the jury to assess the damages, and for that error the judgment ought to be reversed. The judgment is therefore reversed.